No. 686 July 30, 2025 317

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jeffrey Joseph JOHNSON,
*Petitioner-Respondent,*

*v.*

OREGON STATE HOSPITAL,
*Respondent-Appellant.*

Washington County Circuit Court
24CN02971; A185182

Brandon M. Thompson, Judge.

Argued and submitted June 4, 2025.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Laura Graser argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Reversed.

**ORTEGA, P. J.**

Oregon State Hospital (OSH) appeals from a contempt judgment for failing to admit petitioner, a criminal defendant, into OSH within seven days from the date petitioner was committed under ORS 161.370, which provides for restorative commitments for defendants who lack fitness to proceed. This case raises the same issues as *Lopez v. Oregon State Hospital*, 342 Or App 190, ___ P3d ___ (2025), also decided this date. We conclude, consistent with *Lopez*, that OSH established, as a matter of law, the affirmative defense of inability to comply with the commitment order, ORS 33.055(10), and that the trial court erred in entering a judgment of contempt. Accordingly, we reverse.

As explained more fully in *Lopez*, OSH has been operating under a federal permanent injunction since 2003 that requires OSH to admit criminal defendants no later than seven days after a trial court commits a defendant to OSH for restorative services under ORS 161.370. *Oregon Advocacy Ctr. v. Mink*, 322 F3d 1101, 1123 (9th Cir 2003). In 2022, after OSH fell out of compliance with that order, the federal court issued a new order to address OSH's noncompliance using remedial measures (the federal remedial order). *See Disability Rights Oregon v. Allen*, No 3:02-cv-00339-MO, 2022 WL 4009060 (D Or Sept 1, 2022). As relevant here, the remedial order provides:

> "OSH shall not admit patients except as provided for by the recommendations in the Neutral Expert's Reports or as otherwise provided by this Court. Namely, Aid and Assist ('A&A') and Guilty Except Insane ('GEI') persons shall be admitted according to their place on the admissions wait list or pursuant to the expedited admissions policy attached to this order as Exhibit 1."

*Disability Rights Oregon v. Allen*, No 3:02-cv-00339-MO, at \*2 (D Or July 3, 2023). That order has been extended by the federal district court, most recently in June 2025. *Disability Rights Oregon v. Hathi*, 3:02-cv-00339-AN, 2025 WL 1604093, at \*11 (D Or June 6, 2025).

In this case, the trial court found petitioner unfit to proceed to trial under ORS 161.370 and, on June 14, 2024, committed him to the custody of OSH for a period

of restoration. The order entered on June 17 provided that "OSH shall admit defendant within 7 days of the commitment order." On June 28, the court entered a second order that provided, "Oregon State Hospital to immediately accept transport of and admit [petitioner] pursuant to court's attached previous order or face potential contempt." While still in jail, petitioner's condition deteriorated. On July 5, OSH admitted petitioner for restorative services. On July 9, petitioner filed a motion for an order to show cause why OSH should not be held in contempt, and for remedial sanctions under ORS 33.105. On July 9, the trial court issued an order to show cause and set a hearing date of July 11, which was the same date as the hearing in *Lopez*.

In response, OSH filed a motion to dismiss petitioner's contempt proceeding because he had already been admitted to OSH. OSH also argued in its motion that its noncompliance was not willful and was based on an inability to comply because OSH's delay in admission was the result of a record number of recent commitments that overwhelmed OSH's capacity and that OSH's actions were in compliance with the federal remedial order. To support its position, OSH submitted the federal remedial order, including the process for expedited admissions, and the declaration of Brandy Eurto, the Admissions Director for OSH. Eurto attested that in May 2024, 122 aid and assist defendants were committed to OSH, "the highest number ever committed in one month," which led to a delay in admissions "because we did not have the capacity to admit all aid and assist patients committed to OSH custody." Eurto further attested that "OSH has been operating at maximum capacity such that OSH has only been able to admit a patient upon another patient's discharge." She also attested that as soon as a bed was available for petitioner according to the federal remedial order, he was admitted, which was on July 5, and that "OSH did not have the capacity to admit him sooner."

At the July 11 hearing, the trial court heard this case after the hearing conducted in *Lopez*. As in *Lopez*, petitioner did not produce evidence at the hearing, relying only on the filed declarations, and OSH moved to dismiss

the matter for insufficient evidence under ORCP 54 B. The trial court then incorporated the arguments, findings, and rulings from *Lopez*, denied OSH's pretrial motion to dismiss and its ORCP 54 B motion, found OSH in contempt, and imposed the same remedy as in *Lopez*. The trial court entered a judgment of contempt finding OSH in contempt of both the July 14 and July 28 orders. It ordered OSH to pay petitioner $1,500 to compensate him "for any loss, injury or costs suffered as a result of contempt of court."

On appeal, OSH raises the same assignments of error and arguments that it raised in *Lopez*. Petitioner in this case also makes the same arguments in response that the plaintiff in *Lopez* made. Because the factual and procedural record in this case does not differ in any material way from that in *Lopez*, we resolve this appeal based on the same analysis set out in *Lopez*. ___ Or App ___, ___ (July 30, 2025) (slip opinion at 5-11). Accordingly, we conclude that OSH established, as a matter of law, the affirmative defense of inability to comply, under ORS 33.055(10), and we reverse the trial court's contempt judgment.

Reversed.